# CSM Legal, P.C.
## Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

January 20, 2023

**VIA ECF**
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    Reyes et al v. Domenic's Family Pizza Inc., et al
                  Docket No.: 1:22-cv-06872-KPF

Dear Judge Failla:

    This office represents Plaintiff in the above referenced matter. The parties have agreed to settle this matter. A copy of the Settlement Agreement ("Agreement") is attached hereto as Exhibit A.

    We respectfully request that the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

    It is also respectfully requested that this Court retain jurisdiction for the purposes of enforcement, and that any dismissal with prejudice incorporate specific language that the Court retains jurisdiction over the settlement for purposes of enforcement.

    "To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Thurston v FlyFit Holdings, LLC, 2020 US Dist LEXIS 98523, at *5 [SDNY June 3, 2020].

## I. BACKGROUND

    Plaintiff alleges that individual Defendant EMILIO PALMIERI owned, operated, or controlled a pizza restaurant located at 1015 Allerton Ave, Bronx, NY 10469 under the name E & R PIZZA CORP. (D/B/A EMILIO'S ORIGINAL GOURMET PIZZA).

    Plaintiff is a former employee of Defendants. Plaintiff was employed as a cook from approximately May 2020 until on or about June 9, 2022. Plaintiff allegedly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, spread of hours, and overtime compensation for the hours worked.

As a consequence of Plaintiff's allegations, Plaintiff filed his Complaint against Defendants alleging claims for unpaid overtime wages, spread of hours pay, liquidated damages, interest, attorney's fees, and costs pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. 201 et seq., the New York Minimum Wage Act, N.Y. Lab. Law 650 et seq., and the Hospitality Industry Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6 (herein the Hospitality Industry Wage Order). Additionally, Plaintiff alleged that he was not provided with an accurate or lawful annual wage notice required by NYLL §195(1). Defendants also did not provide Plaintiff with accurate and lawful wage statements together with each payment of wages (i.e. pay stubs), as is required by NYLL §195(3). Plaintiff is entitled to a three-year limitations period under the FLSA and a six-year limitations period under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(3), 663(3). (See generally ECF No. 1.).

During the course of the negotiations, Defendants demonstrated to Plaintiff their inability to pay a large settlement. This was mainly a result of existing financial difficulties that were further compounded by the COVID-19 pandemic, Defendants' business has been drastically affected. Specifically, this has resulted in unprecedented lost revenue, decreased sales and an overall strain on the business. Notwithstanding, after two mediation sessions and numerous telephonic settlement discussions between the parties, Defendants have agreed to resolve this matter for business related reasons, not because they felt they were in violation of the FLSA or NYLL, but because continued litigation was not feasible considering their financial state.

## II. SETTLEMENT TERMS

Plaintiff initially alleged that he would be entitled to a total award of approximately $186,840.62 as best case scenario during the period of time covered by the FLSA and New York Labor Law. See 29 U.S. Code § 255 (two year statute of limitations for FLSA; three if willful violation); N.Y. Lab. Law § 198 (six year statute of limitations). In response, Defendants raised a number of arguments and defenses against liability and damages. Defendants disputed the pay rate and number of hours and weeks that Plaintiff worked. Most importantly for Plaintiff, Defendants showed that they are under significant financial burdens. The delay that Plaintiff is likely to experience in obtaining a judgment will also work against the likelihood that he will collect on a judgment in his favor.

Thus, in order to avoid the legal and factual risks of protracted litigation and trial and the risk that they could not collect a judgment, the parties have agreed to an early settlement of the action for the sum total of $50,000.00. This settlement is the result of arm's length negotiations between the parties. Both sides were represented by sophisticated counsel with extensive experience in wage-and-hour litigation.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking

Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v Scholastic Inc., 900 F Supp 2d 332, 335 [SDNY 2012] (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested factual and legal disputes, Plaintiff believes the settlement is reasonable because of the risk that he may not prevail on all of his claims.

### III. ATTORNEYS' FEES

Plaintiff's counsel will receive $16,455.33 to compensate for attorney's fees, which constitutes one-third of the settlement amount, and costs of $634.00 for a total of $17,089.33.

In Alvarez v Sterling Portfolio Inv. L.P, the Court ruled that a one-third attorney fee is typical with no requirement for a lodestar cross check. Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted). Accordingly, here, Plaintiff's counsel respectfully requests Your Honor approve a one-third contingency fee plus costs.

It may be noted, Plaintiff's counsel's lodestar in this case is $10,595.25. A copy of Plaintiff's counsel's contemporaneous billing records is attached hereto as Exhibit B. A copy of the receipts incurred in this matter are attached hereto as Exhibit C. The amount provided by Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347,

at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014)  ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. See Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; see also McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, all parties to this settlement have already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

a. Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. Ms. Sojo graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, Ms. Sojo focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at Viacom CBS. Her work is billed at a rate of $350 per hour.

b. Bryan D. Robinson is an associate at CSM Legal, P.C., formerly known as Michael Faillace & Associates. Attorney Bryan D. Robinson developed a background in representing plaintiffs in civil litigation cases and also defendants in criminal cases in Brownsville, Texas. Subsequently, attorney Bryan D. Robinson vigorously advocated for his clients in matters pertaining to Employment and Family Law in New York City.  He has managed a case load of over 95 actions from intake to verdict. He graduated from Maurice A. Deane School of Law at Hofstra University in 2018, where his focus was Corporate law; notwithstanding, he also represented immigrants against the threat of deportation through a student practice order as member of the Hofstra Law Deportation Defense Clinic. Prior to successfully obtaining his Juris doctor from Hofstra Law, Mr. Robinson also attended Escuela Libre de Derecho in Mexico City, Mexico, where he obtained a diploma in Corporate Law. His ability to speak and write in the Spanish language has facilitated interaction with plaintiffs who only speak Spanish. Furthermore, this ability coupled with Mr. Robinson's legal background has granted him the opportunity to serve as an advisor to politicians both in Mexico, and in the United States. He is licensed to practice law in the Southern and Eastern District of New York, the Southern

      District of Texas, and in New York and Texas State Courts. He is requesting an hourly rate of $300.00. Mr. Robinson's billing entries are denoted by "BR."

c.   Paralegals ("PL") at CSM Legal, P.C. bill at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. <u>See</u>, e.g., <u>Cortes v. New Creators, Inc.,</u> 2016 U.S. Dist. LEXIS 79757, *19-20 (S.D.N.Y. June 20, 2016); <u>see also Guallpa v. NY Pro Signs Inc</u>., 2014 U.S. Dist. LEXIS 77033, *29 (S.D.N.Y. May 27, 2014).

## IV. CONCLUSION

In full consideration of the issues presented in both <u>Cheeks</u> and <u>Wolinsky</u>, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved.

We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

By: <u>/s/ Bryan D. Robinson</u>
Bryan D. Robinson, Esq.
CSM Legal, P.C.
*Attorneys for Plaintiff*